UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ROBERT DAVIS, )
)
Plaintiff, )
)
vs. ) No. 1:17-cv-02639-SEB-DML
)
PLAINFIELD CORRECTIONAL FACILITY, )
)
Defendant. )

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

The plaintiff is a prisoner currently incarcerated at Plainfield Correctional Facility ("Plainfield"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Plainfield Correctional Facility alleging that his constitutional rights were violated while he was incarcerated at Plainfield. He states that on April 7, 2017, a correctional officer impermissibly allowed another inmate into his cell and that inmate stabbed him, which led to a physical altercation that spilled out of the cell. The plaintiff received disciplinary charges for his involvement in the altercation, but he was denied medical treatment for his stab wound both that day and for a significant period after. He requests money damages for his pain and suffering for his untreated stab wound.

It appears that the plaintiff's primary concern is that he was denied medical treatment for his stab wound. However, Plainfield Correctional Facility is not a suable entity under § 1983 and therefore any claims against it must be **dismissed**. Instead, "[f]or constitutional violations under § 1983 or *Bivens*, a government official is only liable for his or her own misconduct." *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) (citation and quotation marks omitted). Thus "[a] damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation marks omitted).

Therefore, for any conduct that the plaintiff maintains violated his constitutional rights, the plaintiff must name as a defendant and then set forth factual allegations against that defendant that

explain how the individual defendant is personally responsible for the alleged harm. As set forth below, the plaintiff will be given the opportunity to file an amended complaint that does so.

**II.**

Based on the foregoing, the plaintiff shall have through **December 8, 2017**, in which to file an amended complaint. The amended complaint will completely replace the original complaint and therefore must be complete. The amended complaint must have the words "Amended Complaint" and the proper case number, No. 1:17-cv-2639-SEB-DML, on the first page.

In filing an amended complaint, the plaintiff shall conform to the following additional guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." and must allege facts (who did what when) rather than labels and conclusions; (b) the amended complaint must identify what legal injury plaintiff claims to have suffered and which individuals are responsible for each such legal injury; and (c) the amended complaint shall contain a clear statement of the relief that is sought.

If an amended complaint is filed, it will be screened. If no amended complaint is filed, the action will be dismissed pursuant to 28 U.S.C. § 1915A(b).

**IT IS SO ORDERED.**

Date: 11/16/2017

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT DAVIS
900415
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only