UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT DAVIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:17-cv-02639-SEB-DML ) |
| PLAINFIELD CORRECTIONAL FACILITY, | ) ) ) |
| Defendant. | ) |

**Entry Screening Amended Complaint and Directing Further Proceedings**

**I.**

The plaintiff is a prisoner currently incarcerated at Putnamville Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff brings this action pursuant to 42 U.S.C. § 1983 against three employees of Plainfield Correctional Facility ("Plainfield"), Defendants Stanley Knight, Internal Affairs Officer R. Gaskins, and an unknown female correctional officer. The plaintiff alleges that, while incarcerated at Plainfield, the unknown female correctional officer facilitated another inmate's entrance into the plaintiff's cell and that inmate attacked the plaintiff with a knife. During the attack, the plaintiff was stabbed in the leg. Although the plaintiff asked Internal Affairs Officer R. Gaskins for medical treatment for his leg, R. Gaskins refused. Another correctional officer informed the plaintiff that R. Gaskins directed him not to provide the plaintiff with medical treatment because he was not cooperating with the investigation. Eventually, the plaintiff was found guilty of battery during a prison disciplinary proceeding and, among other things, lost one-hundred-eighty days of earned credit time.

First, the plaintiff's claims against the unknown female correctional officer must be **dismissed**. "[I]t is pointless to include [an] anonymous defendant [] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). However, if the plaintiff is able to identify the unknown officer through discovery, he may file a motion for leave to file a second amended complaint.

Second, the plaintiff's claims against Warden Stanley Knight are **dismissed**. "For constitutional violations under § 1983 or *Bivens*, a government official is only liable for his or her own misconduct." *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) (citation and quotation marks omitted). Thus "[a] damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under

§ 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation marks omitted). There are no allegations in the Amended Complaint regarding Warden Knight, let alone allegations that he was personally involved in the alleged constitutional violations.

The plaintiff's allegations against R. Gaskin, however, are sufficient to state an Eighth Amendment claim against him. This claim **shall therefore proceed**.

The plaintiff is notified that he cannot obtain restoration of his earned credit time or otherwise challenge his prison disciplinary action via this civil rights action for money damages under § 1983. He must bring a separate habeas action if he wishes to do so.

## II.

Given the foregoing, the following claims **shall proceed**:

- An Eighth Amendment claim against R. Gaskin.

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant R. Gaskin in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the Amended Complaint (docket 16), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The clerk is **directed** to update the docket to reflect that R. Gaskins is the only defendant in this action.

**IT IS SO ORDERED.**

Date: 11/30/2017

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT DAVIS
900415
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic Service to the IDOC:

Internal Affairs Officer R. Gaskins – Plainfield Correctional Facility