UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ROBERT DAVIS, )
)
        Plaintiff, )
)
        v. ) No. 1:17-cv-02639-SEB-DLP
)
RICHARD GASKIN, )
)
        Defendant. )

**ENTRY DIRECTING SERVICE AND DIRECTING FURTHER PROCEEDINGS**

In his amended complaint, dkt. 16, Plaintiff Robert Davis alleges that a fellow inmate at the Plainfield Correctional Facility (PCF) attacked him with a knife on March 7, 2017. The amended complaint states that an unidentified female correctional officer wrongly allowed the inmate into Mr. Davis's housing unit between 12:42 and 1:12 P.M. on that date and then failed to take action to stop the attack.

In its entry screening the amended complaint, the Court dismissed Mr. Davis's claim against the unidentified female officer. Dkt. 17 at 2. However, the Court noted that Mr. Davis may be able to identify that officer through discovery and seek leave to further amend his complaint to add her as a defendant. *Id.* Mr. Davis undertook efforts to identify the officer, writing the warden at PCF and filing multiple discovery requests and motions with the Court.

On March 6, 2018, the Court directed Defendant Richard Gaskin to file a response to Mr. Davis's discovery motion, dkt. 28, which sought the name of the female correctional officer working in his housing unit during the half-hour period during which Mr. Davis alleges he was assaulted. Dkt. 35 at 2. In his response, Mr. Gaskin objected to Mr. Davis's request and stated that, in any event, he does not have information that could be used to identify the officer. *See* dkt. 36.

The Seventh Circuit has directed this Court to affirmatively assist pro se prisoner plaintiffs like Mr. Davis with identifying proper defendants. *See e.g., Bryant v. City of Chicago*, 746 F.3d 239, 244 (7th Cir. 2014) (stating that plaintiff "as a prisoner proceeding pro se, should have been given more latitude and assistance in seeking to identify the officers' names" in order to effect service.); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 2007) (stating that the court should take steps to permit the adjudication of pro se claims on the merits "rather than to order their dismissal on technical grounds"); *Billman v. Indiana Dep't of Corr.,* 56 F.3d 785, 790 (7th Cir.1995) (when a pro se plaintiff is attempting to identify defendants, the district court should assist him in investigating).

Accordingly, the Court will permit Mr. Davis a limited period of time in which to conduct discovery to learn the identity of the female officer described in the amended complaint. This shall proceed as follows:

a. Process will issue to Warden Stanley Knight, in his official capacity only, for the purpose of permitting him to appear in the action and respond to discovery regarding the identity of the female officer described in the amended complaint and this entry. The clerk is therefore **designated** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to Warden Knight in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the amended complaint (dkt. 16), the entry screening the amended complaint (dkt. 17), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this entry.

b. Warden Knight need not answer the allegations of the complaint, but simply needs to appear in the action.

c. Once Warden Knight appears in the action, the plaintiff shall have 45 calendar days in which to serve discovery on Warden Knight. Any such discovery shall be limited in scope to learning the identity of the officer described in the amended complaint and this entry.

d. After Warden Knight responds to Mr. Davis's discovery requests, Mr. Davis shall have 45 calendar days in which to file a second amended complaint, which will completely replace the first amended complaint. In filing a second amended complaint, Mr. Davis shall conform to the following guidelines: (1) the first amended complaint shall comply with the requirement of Federal Rule of Civil Procedure 8(a)(2) that pleadings contain a short and plain statement of the claim showing that the plaintiff is entitled to relief; (2) the amended complaint must include a demand for the relief sought; and (3) the amended complaint must identify what legal injury Mr. Davis claims to have suffered and what persons are responsible for each such legal injury. The proposed second amended complaint should have the proper case number, 1:17-cv-02639-SEB-DLP and the words "Second Amended Complaint" on the first page. The amended complaint will be screened in accordance with 28 USC § 1915A.

These proceedings are necessary to fulfill the Court's duty to assist Mr. Davis in identifying the proper defendant.

**IT IS SO ORDERED.**

Date: 3/26/2018

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT DAVIS
900415
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Jarod Zimmerman
INDIANA ATTORNEY GENERAL
Jarod.Zimmerman@atg.in.gov

Stanley Knight
Warden
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN 46168